UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ROSARIO SOARES** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NUMBER 04-1346** |
| **TIDEWATER, INC., ET AL** | * | **SECTION "L" (1)** |

## ORDER AND REASONS

Pending before the Court is the Plaintiff's Motion Under Federal Rule of Civil Procedure 59(e) to Amend Judgment of Dismissal to Stay or, Alternatively, Administratively Close Proceeding (Rec. Doc. 27). For the following reasons, the motion is DENIED.

**I.    BACKGROUND**

On June 25, 2001, the Plaintiff, a citizen and resident of the Republic of India ("India"), filed a petition for damages in Civil District Court for the Parish of Orleans, State of Louisiana, against Tidewater, Inc. ("Tidewater") and other defendants. In his petition, the Plaintiff asserted claims under the Jones Act, the general maritime law of the United States, Louisiana law, and international law arising from an incident that occurred on October 23, 1998. While working for Al Wasl Marine, L.L.C. ("Al Wasl") aboard the vessel M/V MR. NELSON, which was located off the coast of the United Arab Emeriates ("UAE"), the Plaintiff claimed that he slipped and fell. Due to this fall, the Plaintiff allegedly injured his left foot, which eventually had to be amputated.

On October 17, 2001, the Plaintiff amended his state court petition to name Al Wasl as a defendant. The Plaintiff, however, failed to serve Al Wasl. On November 26, 2003, more than five years after his injury, recognizing that Al Wasl was never served and that his claims against Al Wasl were dismissed by operation of state law for failure to serve Al Wasl within ninety days, the Plaintiff filed a fourth amended petition naming Al Wasl as a defendant. Al Wasl was served

soon thereafter. On March 6, 2004, the Plaintiff filed a sixth amended petition naming Jackson Marine, L.L.C. ("Jackson Marine") as a defendant.

In 2001, soon after the initial filing of the petition, Tidewater filed in state court peremptory exceptions of no right of action and/or no cause of action. The specific issue before the state court was whether the Plaintiff's claims were barred by 46 U.S.C. § 688(b). The court held a hearing on the exceptions and, determining that the Plaintiff did not have sufficient evidence, gave the Plaintiff additional time to support his position.

Eventually, on April 30, 2004, the state court held its second hearing on the peremptory exceptions. By this time, Jackson Marine and Al Wasl were defendants and joined in the exceptions. The state court upheld the exceptions and dismissed the Plaintiff's petition as barred by section 688(b). In the state court's judgment of dismissal, the court specifically ruled that "Plaintiff's case is dismissed without prejudice to Plaintiff's right to assert his claims in a court of competent jurisdiction."

On May 10, 2004, the Plaintiff filed a complaint in federal court against Tidewater, Jackson Marine, and Al Wasl asserting the same claims arising out of the same transaction or occurrence that were the subject of the state court lawsuit. In addition, on June 2, 2004, the Plaintiff filed an appeal in state court.

On August 6, 2004, the Defendants each filed a motion to dismiss, or alternatively, motion for Summary Judgment, or alternatively, motion to Abstain (Rec. Docs. 6 & 7), and a hearing was held on October 27, 2004. At the hearing, the Court granted the Defendants' motions to abstain and stayed the lawsuit pending resolution of the state court appeal.

On January 12, 2005, the Louisiana Fourth Circuit Court of Appeal affirmed the state district court's decision, and on June 17, 2005, the Louisiana Supreme Court denied the

Plaintiff's application for a writ of certiorari. Accordingly, a status conference was held on January 12, 2006. At the status conference, the Court ordered that the stay be lifted and that the Defendants' motions be reset for hearing. Oral argument was heard on March 8, 2006.

On March 16, 2006, the Court granted all three Defendants' motions to dismiss on the basis of *res judicata* and granted Tidewater's and Jackson Marine's motions to dismiss on the basis of prescription.

## II.     PRESENT MOTIONS

In its present motion, the Plaintiff contends that the Court should amend its judgment dismissing the Plaintiff's claims and, instead, stay or administratively close the case. Under 46 U.S.C. § 688(b)(1), a foreign seaman engaged in offshore mineral activities off the coast of a foreign nation may not maintain an action for personal injury damages in a United States court. A foreign seaman may, however, maintain an action if he can establish that he has no available remedy under either the laws of the nation asserting jurisdiction over the area in which the incident occurred or the nation in which he maintained citizenship or residency. 46 U.S.C. § 688(b)(2).

In the Plaintiff's underlying state court action, the Louisiana Fourth Circuit Court of Appeal found that the Plaintiff failed to prove that he did not have a remedy in either India or the UAE. As such, the state appellate court affirmed the state district court's dismissal.

In seeking to have this Court amend its own judgment of dismissal, the Plaintiff asserts that he has filed his claim in a UAE court. The Plaintiff also contends that the UAE will not accept jurisdiction over his action. Accordingly, the Plaintiff is concerned that he will be precluded from bringing an action in either the United States—based on this Court's and the underlying state courts' judgments—or the UAE—based on its court's refusal to accept

jurisdiction—and, thus, desires this Court to stay or administratively close the action this action. The Plaintiff asserts that a stay or an administrative closure is the best course of action because it gives this Court an opportunity to know, rather than guess, whether the Plaintiff has a remedy in the UAE.

In opposition, the Defendants assert that the Plaintiff has not satisfied the grounds for altering or amending a judgment. Specifically, the Defendants allege that the Plaintiff's UAE action had been pending prior to this Court's March 8th hearing and, thus, the Plaintiff has not offered any new evidence in support of his position. Additionally, the Defendants contend that the Plaintiff will not suffer any manifest injustice because he had a full and fair opportunity to litigate his claims.

### III. LAW AND ANALYSIS

District courts have considerable discretion in determining whether to amend a judgment under Rule 59(e), but its discretion must be balanced between finality and the need to render a just decision on the basis of all facts. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). Reconsideration of a judgment, however, is an extraordinary remedy that should be used sparingly. *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Generally, there are four grounds upon which a motion to amend a judgment may be granted: (1) a clear error of law or fact; (2) newly discovered or previously unavailable evidence; (3) prevention of manifest injustice; and (4) intervening change in controlling law. 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY K. KANE, FEDERAL PRACTICE & PROCEDURE § 2810.1 (2d ed. 1995 & Supp. 2005).

The Plaintiff does not claim that the Court made a clear error of fact or law or that there has been an intervening change in controlling law. Instead, the Plaintiff's motion is based on

newly discovered evidence and the prevention of manifest injustice. These reasons, however, are insufficient to warrant an amendment to the Court's earlier judgment.

The Plaintiff's arguments regarding newly discovered evidence and the prevention of manifest injustice are sufficiently intertwined to be discussed together. According to the Plaintiff, there is evidence that the Plaintiff has filed an action in the UAE. The Plaintiff asserts that the UAE will not accept jurisdiction. As such, without an amendment, the Plaintiff claims that he will be completely remedy-less. If this scenario is allowed to unfold, the Plaintiff claims that he will suffer manifest injustice.

The Defendants, on the other hand, factually dispute the Plaintiff's claim and disagree with his assertion that manifest injustice will occur. The Defendants admit that the Plaintiff has filed a claim in the UAE; however, the Defendants contend that the Plaintiff had filed his UAE claim before the March 8th hearing date and, therefore, this evidence is neither new nor the cause of manifest injustice because the Plaintiff failed to timely bring this fact and his currently requested relief before the Court. The Court is unable to render any determination on this issue because neither the Plaintiff nor Defendants presented any evidence regarding when the Plaintiff filed his UAE action. Therefore, this Court does not have a sufficient record to make an accurate ruling.

Nonetheless, regardless of when the filing occurred, the Court finds it cannot prevent or rectify any manifest prejudice that the Plaintiff may suffer. Whatever the UAE court eventually decides, its judgment has no bearing on this Court's earlier judgment. This Court's decision was not based on whether the Plaintiff had a remedy in the UAE. Instead, this Court's decision was based solely on *res judicata* and prescription. This Court never reached or even considered whether the Plaintiff had a remedy in the UAE. The proper forum for the Plaintiff's current

motion is in the state court that determined that the Plaintiff had a remedy in the UAE.

Furthermore, assuming that this Court did stay this case and the UAE court eventually determined that the Plaintiff had no remedy, this Court would still most likely be bound by the preclusive effects of the state court rulings.  Additionally, regardless of whatever UAE remedy the Plaintiff may or may not have, the Plaintiff's claims against Tidewater and Jackson Marine could not be revived as his claims against them have prescribed.  Lastly, according to the state appellate court judgment, the Plaintiff still has a remedy in India.  As such, the Plaintiff would have to pursue a claim in India and have his claim rejected before he could affirmatively show that the state court rulings were erroneous.  Thereafter, the Plaintiff's recourse would be to file a motion in the state court that rendered the original judgment, not this Court.

## IV.   CONCLUSION

For the foregoing reasons, the Plaintiff's Motion Under Federal Rule of Civil Procedure 59(e) to Amend Judgment of Dismissal to Stay or, Alternatively, Administratively Close Proceeding is DENIED.

New Orleans, Louisiana this   3rd   day of   May  , 2006.

_____
UNITED STATES DISTRICT JUDGE